IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYREETA COOPER & DAVID COOPER, h/w | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL GENERAL INSURANCE COMPANY | : | NO. 22-618 |

MEMORANDUM

**Padova, J.**                                                                                                                                     **April 14, 2022**

      Plaintiffs initiated this action in the Philadelphia Court of Common Pleas against their insurance carrier, Liberty Mutual General Insurance Company ("LM General"), after they sustained injuries in a motor vehicle accident and LM General refused to pay them underinsured motorist ("UIM") benefits. The Complaint asserts claims against LM General for breach of contract, bad faith pursuant to 42 Pa. Cons. Stat. § 8371, and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-9.2. LM General removed the action to this Court based on diversity jurisdiction and then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the bad faith and UTPCPL claims. In their response to LM General's Motion, Plaintiffs request that we remand the case, asserting that we lack subject matter jurisdiction over the matter. For the reasons that follow, we deny Plaintiffs' request to remand and grant LM General's Motion to Dismiss.

**I.     BACKGROUND**

      The Complaint alleges the following facts. On June 11, 2017, Plaintiff Syreeta Cooper was driving a 2016 Chevrolet Traverse on Roosevelt Boulevard in Philadelphia with Plaintiff David Cooper as her passenger. (Compl. ¶ 5.) Plaintiffs were stopped at a red traffic signal, when their vehicle was struck in the rear by Arnold Bernstein, an underinsured motorist. (Id. ¶¶ 5-8.) The

accident resulted solely from Bernstein's negligence. (Id. ¶ 17.) Syreeta sustained serious and permanent injuries in the accident, including disc space narrowing at L5-S1; disc protrusion to the left L4-L5; cervical, thoracic and lumbar spine strain and sprain; cervical and lumbar radiculopathy bilaterally; post-concussion syndrome; and post-traumatic stress disorder. (Id. ¶ 10.) David also sustained serious and permanent injuries, including diffuse broad-based disc protrusion eccentric to the left at C3-4 and C5-6; focal midline disc herniation at C2-3; disc bulging at C4-5 and C6-7; disc protrusion at L3-4, L4-5, and L5-S1; chronic cervical spine and lumbosacral strain and sprain; cervical and lumbar radiculopathy; and shoulder sprains. (Id. ¶ 11.)

Bernstein had an automobile insurance policy with Progressive Insurance Company ("Progressive"), which had bodily injury liability limits of $15,000 per person and $30,000 in the aggregate. (Id. ¶ 6.) Progressive paid those insurance benefits to four claimants, with Syreeta receiving $9,000 and David receiving $14,000. (Id. ¶ 6.) Plaintiffs' bodily injury damages, however, are valued at much more than the amount Plaintiffs received from Progressive. (Id. ¶ 8.) At the time of the accident, Syreeta had an automobile insurance policy with LM General (the "Policy"), which provided UIM benefits of $25,000 per person and $50,000 per accident. (Id. ¶ 4.) Plaintiffs notified LM General of Progressive's offer to settle their bodily injury claims against Bernstein for the above amounts, and LM General consented in writing to Plaintiffs' acceptance of the settlement offer and execution of a general release as to Bernstein. (Id. ¶ 9.) LM General did not tender UIM coverage to Plaintiffs under the Policy, did not offer to settle Plaintiffs' UIM claim under the Policy, and refused to pay Plaintiffs' claim under the Policy. (Id. ¶¶ 21, 23, 26.)

The Complaint contains three Counts. Count I asserts a breach of contract claim. Count II asserts a statutory bad faith claim pursuant to 42 Pa. Cons. Stat. § 8371. Count III asserts a

claim for unfair and deceptive practices under the UTPCPL.  Each Count seeks damages in a sum "in excess of $50,000."   (Compl. at 5, 8, and 9.)

II.     **LEGAL STANDARD**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, we "are not bound to accept as true a legal conclusion couched as a factual allegation."  Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, the complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the

speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555), cert. denied 141 S. Ct. 2670 (2021).

## III. DISCUSSION

### A. Request to Remand[1]

Plaintiffs argue that the case should be remanded to state court for lack of subject matter jurisdiction because LM General has failed to meet its burden of showing that the amount in controversy exceeds $75,000. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction "over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different states.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). Where removal is based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," although the notice of removal may assert the amount in controversy if "the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). "[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the Notice of Removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Id. § 1446(c)(2)(B). The removing party "bears the burden of showing, at all stages of the litigation,

---

[1] Plaintiffs did not file a formal motion to remand but, rather, merely included a request to remand in their response to LM General's Motion to Dismiss. Nevertheless, because the remand request challenges our subject matter jurisdiction, we give it full consideration.

4

that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted).

Pennsylvania law does not allow a demand for a specific sum of damages where damages are not liquidated, see Pa. R. Civ. P. 1021(b), and, consistent with that rule, the Complaint in this case seeks damages "in excess of $50,000" in connection with each Count. LM General states in its Notice of Removal that the amount in controversy exceeds $75,000 because Plaintiffs have alleged damages in excess of $50,000 for each Count of the Complaint and have also sought punitive damages, attorneys fees and costs. (Notice of Removal ¶ 10.) Plaintiffs now argue that LM General has failed to meet its burden of proof that the amount in controversy exceeds $75,000 because the Policy provide UIM benefits of just $50,000 per accident and Plaintiff "is seeking less than $75,000 to amicably resolve this litigation." (Pls.' Mem. at 11 of 12.)

However, "[a] district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Steel Valley Auth. v. Union Switch Div., 809 F.2d 1006, 1010 (3d Cir.1987)), abrogated on other grounds by Earl v. NVR, Inc., 990 F.3d 310 (3d Cir. 2021). We consider whether "the plaintiff's actual monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not." Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006). Furthermore, in calculating the plaintiff's demands, we must include demands not only for compensatory damages, but also for punitive damages and attorney's fees. Frederico, 507 F.3d at 198-99 (citations omitted).

Here, as noted above, the Complaint asserts three claims against LM General—for breach of contract, bad faith, and violation of the UTPCPL. Each of the three Counts seeks money damages in excess of $50,000. (See Compl. at 5, 8, and 9.) In laying out the factual basis for

these claims, the Complaint alleges that both Plaintiffs suffered "serious and permanent injuries," and that the LM General Policy provided Plaintiffs with UIM benefits of $50,000 per accident. (Id. ¶¶ 4, 10-11.) Accordingly, we read the Complaint as seeking $50,000 in compensatory damages for the alleged breach of contract. Plaintiffs have also requested in excess of $50,000 in damages on each of their two statutory claims, which seek to recover punitive damages, treble damages, and attorneys' fees in addition to compensatory damages. See 42 Pa. Cons. Stat. § 8371(2), (3) (permitting recovery of both punitive damages and attorneys' fees); 73 Pa. Stat. § 201-9.2(a) (permitting recovery of treble damages and attorneys' fees). Indeed, the UTPCPL claim in Count III explicitly seeks to recover "three (3) times the actual damages sustained." (Compl. ¶ 35.)

Under these circumstances, there can be no question that the damages sought in the three Counts of the Complaint exceed the $75,000 jurisdictional threshold. We therefore conclude that LM General has met its burden of establishing by a preponderance of the evidence, and properly asserted in its Notice of Removal, that the amount in controversy exceeds the jurisdictional threshold. Accordingly, LM General properly removed this case to this Court, and we deny Plaintiffs' request to remand.

  B. **Count II - Statutory Bad Faith**

LM General moves to dismiss Plaintiffs' bad faith claim, arguing that the Complaint alleges no facts to support the assertion that it acted in bad faith. A complaint asserting a bad faith claim pursuant to 42 Pa. Cons. Stat. § 8371 must plausibly allege "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct.

1994)). "[B]ad faith conduct [also] includes lack of good faith investigation into the facts." Rancosky v. Washington Nat. Ins. Co., 130 A.3d 79, 94 (Pa. Super. Ct. 2015), aff'd, 170 A.3d 364 (Pa. 2017) (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)) (additional citations omitted). "Although the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

When asserting a bad faith claim, "[a] plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements. Toner v. GEICO Ins. Co., 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (citations omitted). The "plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Id. (citation omitted). "'[B]are-bones' conclusory allegations . . . do not state a plausible bad faith claim." Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 600 (E.D. Pa. 2010) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).

Here, Plaintiffs' bad faith claim contains only bare-bones, conclusory allegations that are not accompanied by sufficient supportive factual allegations. The Complaint alleges very generally that LM General did not "attempt[] in good faith to effectuate prompt, fair, reasonable and equitable settlements of plaintiffs' claims after the liability of Arnold Bernstein . . . had become reasonably clear." (Compl. ¶ 27(a).) It further alleges, without offering any specifics, that LM General "attempt[ed] to settle plaintiffs' claims for less than the amount to which a reasonable person would have believed he/she was entitled," failed "to provide a reasonable explanation for failure to offer a fair, reasonable, and equitable settlement," and failed "to respond to plaintiffs' claims for benefits within a reasonable length of time." (Id. ¶¶ 27(b)-(d)). Finally, it alleges that

LM General compelled Plaintiffs to seek legal redress by filing the instant action and engaged in "other instances of bad faith." (Id. ¶¶ 27(e)-(f).)

The great bulk of these allegations simply track the language in the Pennsylvania Unfair Insurance Practices Act ("UIPA"), 40 Pa. Stat. § 1171.1 *et seq.*[2] See id. § 1171.5(a)(10)(vi) (defining unfair insurance practices to include "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear"); id. § 1171.5(a)(10)(viii) (defining unfair insurance practice to include "[a]ttempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled to"); id. § 1171.5(a)(10)(xiv) (defining unfair insurance practice to include "[f]ailing to promptly provide a reasonable explanation . . . for denial of a claim or for the offer of a compromise settlement"); id. § 1171.5(a)(10)(v) (defining unfair insurance practice to include "[f]ailing to affirm or deny coverage . . . within a reasonable time after [receiving] proof of loss statements"); id. § 1171.5(a)(10)(vii) (defining unfair insurance practice to include "[c]ompelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered"). There are no factual allegations as to when Plaintiffs submitted a claim for benefits under the Policy; what information they submitted to support their request for the UIM Policy limits; the amount that LM General offered to settle Plaintiffs' claims, if any; or the reasons the LM General offered for failing to settle or to offer the Policy limits. In the absence of any factual allegations that support Plaintiffs' assertion that LM General's conduct was motivated by bad faith, we conclude that their general

---

[2] Plaintiffs cannot assert claims under the UIPA because there is no private right of action under that statute. 3039 B St. Assocs., Inc. v. Lexington Ins. Co., 740 F. Supp. 2d 671, 677 (E.D. Pa. 2010) ("[A] private party cannot assert a bad faith claim under UIPA as no private right of action exists." (citation omitted)), aff'd, 444 F. App'x 610 (3d Cir. 2011).

allegations are insufficient to state a bad faith claim upon which relief can be granted.[3] Accordingly, we grant LM General's Motion insofar as it seeks dismissal of Plaintiffs' bad faith claim in Count II, and we dismiss that Count of the Complaint.

### C. Count III – UTPCPL

LM General moves to dismiss Plaintiffs' UTPCPL claim, arguing that it deals exclusively with post-accident conduct, which is not actionable under the UTPCPL. As a general matter, the UTCPCL prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. Stat. § 201-3(a). To state a facially plausible claim under the UTPCPL, a complaint must allege that:

> 1) [the plaintiff] purchased or leased goods or services primarily for a personal, family, or household purpose; 2) [the plaintiff] suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL.

Baynes v. George E. Mason Funeral Home, Inc., Civ. A. No. 09-153, 2011 WL 2181469, at *4 (W.D. Pa. June 2, 2011) (citing 73 Pa. Stat. § 201-9.2(a)). The complaint must also allege that the plaintiff justifiably relied on the deceptive conduct. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221-22 (3d Cir. 2008); Am. Express Bank, FSB v. Martin, 200 A.3d 87, 94-95 (Pa. Super. Ct. 2018) (citation omitted).

Importantly, however, "[t]he UTPCPL applies to consumer transactions, which are statutorily defined[, and] the handling of an insurance claim does not meet the statutory definition." Wenk v. State Farm Fire & Cas. Co., 228 A.3d 540, 551 (Pa. Super. Ct. 2020) (citation omitted). Indeed, as the Pennsylvania Superior Court has stated, "[t]he UTPCPL applies to the **sale** of an insurance policy, it does not apply to the **handling** of insurance claims." Wenk, 228 A.3d at 550

---

[3] Plaintiffs have not requested leave to amend their Complaint, nor have they suggested any additional facts that they could allege to state a plausible bad faith claim.

(citation omitted); Kelly v. Progressive Advanced Ins. Co., 159 F. Supp. 3d 562, 564-65 (E.D. Pa. 2016) (stating that "[t]he UTPCPL . . . applies to conduct surrounding [an] insurer's pre-[contract] formation conduct" and not "to the handling of insurance claims" (citing Gibson v. Progressive Specialty Ins. Co., Civ. A. No. 15-1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015))). Instead, the bad faith statute, 42 Pa. Cons. Stat. § 8371, "provides the exclusive statutory remedy applicable to claims handling." Wenk, 228 A.3d at 550 (quotation omitted). Here, the allegations in the Complaint relate only to LM General's handling of Plaintiffs' insurance claims, not to the sale of the Policy. Accordingly, we conclude that Plaintiffs' UTPCPL claim does not state a claim upon which relief can be granted. We therefore grant LM General's Motion insofar as it seeks dismissal of Plaintiffs' UTPCPL claim in Count III, and we dismiss that Count.

### IV. CONCLUSION

For the foregoing reasons, we grant LM General's Motion to Dismiss and we dismiss Counts II and III of the Complaint. As the only claim that now remains is the breach of contract claim in Count I and it appears that compensatory damages on that claim are limited to $50,000, we will place this case on the arbitration case management track. See Loc. R. Civ. P. 53.2(3)(A) (providing for compulsory arbitration for all civil cases seeking damages not in excess of $150,000, with certain exceptions not relevant here).

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.